UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC P., <br><br> Plaintiff, <br><br> v. <br><br> Frank BISIGNANO, <br><br> Defendant. | Case No.: 23-cv-0870-AGS <br><br> **ORDER GRANTING MOTION FOR ATTORNEY FEES (ECF 11)** |

In this Social Security case, plaintiff's counsel requests $11,200 in attorney's fees, which represents about 10.8% of plaintiff's $103,624.00 past-due benefits award. (ECF 11, at 1, 3); *see* 42 U.S.C. § 406(b). Plaintiff Eric P. has not objected. The government does not oppose. (ECF 12, at 1.)

When a court 'renders a judgment favorable to a [Social Security] claimant . . . who was represented before the court by an attorney,' the court may award a 'reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)). Courts determining such fee awards must respect "the primacy of lawful attorney-client fee agreements," "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (citation omitted). "[T]he attorney bears the burden of establishing that the fee sought is reasonable." *Id.* at 1148. Factors the courts may consider when assessing reasonableness of the attorney-fee award are: "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsels regular hourly billing charge for non-contingent cases." *Avina v. Saul*, No. 18-cv-1728-W-MSB, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021).

Plaintiff agreed to pay his attorney "25% of past-due benefits" in the event of a favorable award (ECF 11-2, at 1), which is the statutory maximum fee. Yet counsel requests only "10.8% of plaintiff's back pay," which supports the reasonableness of the requested fees. (ECF 11, at 1); *see Crawford*, 586 F.3d at 1151–52 (finding fees reasonable, in part, because counsel "voluntarily reduced those fees substantially from the allowable 25%"). Also, counsel's "experience enabled her to review the case and efficiently identify significant errors" allowing her "to secure a voluntary remand." (ECF 11, at 4; *see* ECF 9.) There is no evidence that counsel engaged in any dilatory conduct, indeed counsel achieved plaintiff's favorable decision in only "10.2" hours of attorney time. (ECF 11, at 4; ECF 11-4, at 1.) As "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees," the speed and efficacy of counsel's 10.2 hours spent supports the conclusion that the fee is reasonable. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting that "twenty to forty hours is the range most often requested and granted in social security cases").

Although counsel's effective hourly rate is high—$1,098.04 per hour—it is not outside the norm of what this Court often approves. (*See* ECF 11, at 4); *see, e.g.*, *Madeline W. v. Bisignano*, No. 18-cv-02678-AJB-BLM, 2025 WL 1333675, at *1–2 (S.D. Cal. May 7, 2025) (granting "$14,000" in fees for "13.6 hours" of work, an effective hourly rate of $1,029.41); *Theresa Y. v. O'Malley*, No. 21-cv-0814-AGS, 2025 WL 1265863, at *1–2 (S.D. Cal. May 1, 2025) ("$45,516.25" in fees for "22.2 hours" of work; effective hourly rate of $2,050.28); *Reddick v. Berryhill*, No. 16-cv-29-BTM-BLM, 2019 WL 2330895, at *1–2 (S.D. Cal. May 30, 2019) ("$43,000" in fees for "21.6 hours" of work; effective hourly rate of $1,990.74).

In light of the result received, the voluntary reduction in requested fees, and the effective hourly rate, the fee here is reasonable. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("[D]istrict courts generally have been deferential to the terms

of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non[-]contingency-fee arrangements.").

Counsel's unopposed request for fees under 42 U.S.C. § 406(b) is **GRANTED**. Counsel is entitled to $11,200 out of plaintiff's past-due benefits.

Dated: July 8, 2025

_____
Hon. Andrew G. Schopler
United States District Judge